## John E. Barry, Appellant, v. City of Chicago, Appellee.

## Gen. No. 15,671.

Municipal Court—*when ordinance not presented for consideration.* If it is desired that the Appellate Court shall consider ordinances of the city of Chicago they should be preserved in the stenographic report or statement of the case.

Appeal from the Municipal Court of Chicago; the Hon. Edward A. Dicker, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed October 3, 1911.

Michael D. Dolan, for appellant.

Edward J. Brundage, for appellee; George M. Bagley, of counsel.

Mr. Presiding Justice Baldwin delivered the opinion of the court.

John E. Barry, appellant, brought suit against the city of Chicago in the Municipal Court to recover $2272.20, which he claimed the city owed him for work done by him. He entered the employ of the city on May 24, 1898, as a day laborer and watchman in the water pipe extension department, and continued until December 10, 1901. He contends

that his employment was for an eight-hour day, and that he was to receive one and one-half time for all overtime worked by him.   To support this contention, he testified that, when he commenced to work for the city he talked with one Ryan, who was then superintendent and foreman of the water pipe extension department for that district, and Ryan said eight hours was a day's work in the city, and Barry should try and keep track of any extra time, and that Ryan then said, "I will make it right with you."

As against this contention, it appeared on the trial that, during all this time, he received and cashed vouchers for his pay twice each month, and at the trial it was also stipulated between counsel for the city and for Barry, respectively, that the payroll sheets of the city, during the entire period, would show that he was a watchman at a fixed salary of $60 per month, and that the several installments of salary were receipted for by him upon the payroll, which showed the number of days being paid for, and "Rate: $60 per month."

It was and is the contention of the city that Barry must fail in this action, not only because, by receipting upon the payroll from time to time, he acknowledged full payment of his salary, but, also, because, there being no evidence in the record that a previous appropriation had been made for extra time worked, there could be no liability or recovery against the city; and that, even if Barry's foreman had told him that he should be paid for overtime, such a statement would not bind the city.

In the brief and argument submitted on behalf of appellant, a portion of the Municipal Code of Chicago, which relates to the number of hours of labor constituting a legal day's work, is set out, as is also the section of the Municipal Court Act, which provides that the Municipal Court shall take judicial notice of all general ordinances of the city of Chicago, etc., and it is claimed in the argument that an inspection of the general ordinances of the city of Chicago for the years in question will disclose the fact that appropriations were made by the city council for the work at which

appellant was engaged. Inferentially, this court is asked to assume, therefore, as if proven (because the Municipal Court was authorized to take judicial notice of the fact), that the city council made the necessary appropriations.

Sitting as an Appellate Court, we can only pass upon the record presented to us, and, if it was desired to present for our consideration any of the ordinances of the city of Chicago, they should have been included in the bill of exceptions, or stenographic report of facts, properly certified, and transmitted to this court from the Municipal Court.

In this case there is no controversy as to the actual number of hours Barry worked, nor as to the rate per hour charged by him for overtime. The city insists that he was employed at a regular fixed salary of $60 per month, which was paid to him, and for which he duly receipted from time to time, and that there is nowhere shown any authority or power on the part of Barry's foreman to bind the city by contracting with him for overtime. Nor does the record show any appropriations made by the city for the purpose of paying for the alleged overtime.

Chapter 48 of the Revised Statutes of Illinois provides that eight hours of labor in all mechanical trades, arts and employments shall constitute a legal day's work where there is no special contract or agreement to the contrary, but it declares that this provision shall not apply to or in any way affect labor or services rendered by the year, month or week; nor shall it prevent any person from working overtime or extra hours, as he may agree. Whether or not appellant was employed by the day, week or month was a question of fact for the jury. Two payroll sheets, one dated August 31, 1899, and the other dated October 31, 1900, were introduced in evidence on behalf of the city, which showed upon their face that Barry was employed at the rate of $60 per month; and Barry's own written signature was on the payroll where he had receipted for the money. This evidence, thus tending to show that Barry was working by the month, has not been satisfactorily controverted by him, and the jury have found that he was so employed.

In view of this evidence, and the further fact that Barry made no claim for overtime during the entire term of his service, we think the jury was fully warranted in reaching the conclusion it did.

Being of the opinion that the court below was justified in entering judgment in favor of the defendant, its judgment will be affirmed.

*Affirmed.*